IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| ISAAC JEROME SMITH, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 1:14-26089 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody (Document Nos. 1, 8, 13, and 16) and Application to Proceed Without Prepayment of Fees (Document No. 5).[1] By Standing Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) By Order entered on January 6, 2016, the above case was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for deposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 19.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application be dismissed.

**FACT AND PROCEDURE**

A.   **Criminal Action No. 3:06-cr-00026:**

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

On April 24, 2006, Petitioner pled guilty in the United States District Court for the Northern District of Florida to one count of Possession of Ammunition by a Convicted Felon (Armed Career Criminal) in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). United States v. Smith, Case No. 3:06-cr-00026 (N.D.Fla. July 13, 2006), Document No. 16. On July 7, 2006, the District Court sentenced Petitioner to a 294-month term of imprisonment to be followed by a five-year term of supervised release. Id., Document No. 21. On July 18, 2007, Petitioner filed his Notice of Appeal. Id., Document No. 23. In his appeal, Petitioner argued as follows: (1) The district court erred by finding that he used the ammunition "in connection with" another felony offense; and (2) The district court erred under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Id. On March 19, 2007, the Eleventh Circuit Court of Appeals affirmed Petitioner's conviction and sentence. Id., Document No. 42; United States v. Smith, 480 F.3d 1277 (11th Cir. 2007). Petitioner filed a petition for certiorari in the United States Supreme Court, which was denied on October 1, 2007. Smith v. United States, 552 U.S. 872, 128 S.Ct. 175, 169 L.Ed.2d 119 (2007).

B.  **First Section 2255 Motion:**

On July 21, 2008, Petitioner, acting *pro se*, filed in the Northern District of Florida a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Smith, Case No. 3:06-cr-00026, Document No. 68. Petitioner asserted that trial counsel was ineffective based on the following: (1) Failing to raise on appeal a claim that his Florida conviction for battery on a law enforcement officer should not have been used as a predicate offense under the ACCA; (2) Failing to file a Motion to Suppress; (3) Permitting Petitioner to enter a guilty plea that was involuntary because both his counsel and his indictment mistakenly stated that the maximum penalty for a violation of 18 U.S.C. § 924(e) was life imprisonment; (4) Failing to argue that the Government impermissibly

2

amended the Indictment during the plea colloquy; and (5) Failing to argue that Section 924(e) and the Sentencing Guidelines were unconstitutional, or that the armed career criminal provision of the Guidelines, U.S.S.G. § 4B1.4 was not charged in Petitioner's Indictment. Id. The United States filed its Response in Opposition on November 20, 2008. Id., Document No. 80. Petitioner filed his Reply on November 20, 2008. Id., Document No. 82. By Proposed Findings and Recommendation filed on May 15, 2009, United States Magistrate Judge Miles Davis recommended that Petitioner's Section 2255 Motion be denied. Id., Document No. 89. Petitioner filed his Objections on May 27, 2009. Id., Document No. 90. By Memorandum Opinion and Order entered on June 4, 2009, the District Court adopted Judge Davis's Proposed Findings and Recommendation and dismissed Petitioner's Section 2255 Motion. Id., Document No. 91 and 92. On July 23, 2009, Petitioner filed a Notice of Appeal. Id., Document No. 100. By Order entered on December 23, 2009, the Eleventh Circuit denied Petitioner a certificate of appealability and dismissed his appeal. Id., Document No. 119.

**C.     First Section 2241 Petition:**

On April 8, 2013, Petitioner filed his first Section 2241 Petition in the Northern District of Florida. Smith v. United States, Case No. 3:13-cv-00170, Document No. 152. As grounds for relief, Petitioner argued as follows: (1) "Factual and actual innocence of the underlying offense, and factually innocent of the interstate commerce element of the offense;" (2) "Actual innocence of the 2K2.1(b)(5) four level enhancement;" (3) "Actual innocence of the ACCA 15-year enhancement;" and (4) "The District Court had no jurisdiction to convict and no jurisdiction to sentence Mr. Smith." Id. On May 20, 2013, Petitioner filed his Amended Section 2241 Petition asserting similar arguments as set forth in his original Petition. Id., Document No. 4. By Proposed Findings and Recommendation filed on May 23, 2013, United States Magistrate Judge Charles J.

3

Kahn, Jr., recommended that Petitioner's Section 2241 Petition be denied. Id., Document No. 6. Petitioner filed his Objections on June 6, 2013. Id., Document No. 7. By Memorandum Opinion and Order entered on June 10, 2013, the District Court adopted Judge Kahn's recommendation and dismissed Petitioner's Section 2241 Petition. Id., Document Nos. 8 and 9. Petitioner filed his Notice of Appeal on August 26, 2013. Id., Document No. 10. By Order entered on March 10, 2014, the Eleventh Circuit dismissed Petitioner's appeal as untimely. Id., Document No. 20.

**D.     Instant Section 2241 Petition:**

On September 23, 2014, Petitioner, acting *pro se*, filed his instant Petition requesting relief under 28 U.S.C. § 2241. (Document No. 1.) In his Petition, Petitioner first alleges that his "prior third degree aggravated assault conviction that was amended in 2004 does not qualify as an ACCA enhancement based on Descamps v. United States, 133 S.Ct. 2276 (2013)." (Id.) Specifically, Petitioner claims that his aggravated assault conviction does not qualify as a "violent felony." (Id.) Second, Petitioner argues that he was not convicted of "serious drug offenses." (Id.) Petitioner, therefore, contends that his "ACCA sentence is unlawful." (Id.)

On October 8, 2014, Petitioner amended his Section 2241 Petitioner to include a claim that his two armed robbery convictions were improperly considered as two prior offenses. (Document No. 8.) Petitioner explains that his two armed robbery sentences "were run concurrently and consolidated at one sentencing hearing and were relative to a single criminal episode." (Id.)

On November 25, 2014, Petitioner filed Exhibits in Support of his Section 2241 Petition. (Document No. 12.) Specifically, Petitioner attached the following: (1) A copy of a letter from the First Judicial Circuit stating that they no longer had transcripts of court proceeding held on August 3, 1982, in State of Florida v. Smith, Case Nos. 1982-1481 and 1482. (Id., p. 2.); and (2) A copy of a letter dated January 8, 2014, from the Federal Public Defender of the Northern District of

4

Florida addressed to Petitioner regarding his request for page 7 of his Presentence Report (Id., p. 3.)

On December 22, 2014, Petitioner filed his second amendment to his Section 2241 Petition arguing that the sentencing court erred "when the Court used the defendant's police arrest report to determine Defendant's sentence, and to enhance the Defendant under the ACCA." (Document No. 13.)

On April 1, 2015, Petitioner requested that the Court take judicial notice that "there are currently two cases pending before the Supreme Court of the United States which have a bearing upon Petitioner Smith's case: (1) Johnson v. United States, No. 13-7120, deals with the fact that the Armed Career Criminal Act is unconstitutionally vague; and (2) United States v. Young, No. 14-8077, concerns whether or not the ACCA is cruel and unusual punishment for possession of ammunition." (Document No. 16.)

**E.      First Request for Authorization to File a Successive Section 2255 Motion:**

On May 2, 2016, Petitioner filed with the Eleventh Circuit a Motion under 28 U.S.C. § 2244 requesting an order authorizing the District Court to consider a second or successive application for relief under 28 U.S.C. § 2255. In support, Petitioner asserted that his ACCA enhanced sentence is no longer valid after Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). By Order entered on May 25, 2016, the Eleventh Circuit denied Petitioner's Motion seeking authorization to file a second or successive application for relief under 28 U.S.C. § 2255. In re: Isaac Smith, No. 16-12067 (11th Cir.). Specifically, the Eleventh Circuit determined that Petitioner's 1982 conviction for armed robbery, his second 1982 conviction for armed robbery, and either his sale of cocaine conviction, possession of cocaine with intent to sell conviction, or his aggravated assault with a firearm conviction, qualified as predicate offenses

under either the ACCA's elements clause or serious drug offense clause, and thus Petitioner could not benefit from Johnson. Id.

**F.      Second Request for Authorization to File a Successive Section 2255 Motion:**

On May 13, 2016, Petitioner filed with the Eleventh Circuit his second Motion under 28 U.S.C. § 2244 requesting an order authorizing the District Court to consider a second or successive application for relief under 28 U.S.C. § 2255. In support, Petitioner again asserted that his ACCA enhanced sentence is no longer valid after Johnson. By Order entered on June 7, 2016, the Eleventh Circuit denied Petitioner's Motion seeking authorization to file a second or successive application for relief under 28 U.S.C. § 2255. In re: Isaac Smith, No. 16-12375 (11th Cir.).

## **ANALYSIS**

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11 Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's

"commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon her liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his sentence as imposed by the Northern District of Florida. Specifically, Petitioner contends that his sentencing enhancement under the ACCA is invalid. Petitioner is clearly challenging the validity of his sentence, not the manner in which his sentence is being executed. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. See Pack, 218 F.3d at 452.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was

> without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Northern District of Florida. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Application should not be construed and transferred as a Section 2255 Motion because Petitioner has proceeded under Section 2255 in the sentencing Court once before and has not obtained certification/authorization to file a second or successive Motion from the Eleventh Circuit Court of Appeals.[2]

---

[2] Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Petitioner's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." *In re Goddard*, 170 F.3d 435, 436 (4th Cir. 1999); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005); *See* 28 U.S.C. § 2244(b)(3)(A). The Eleventh Circuit has denied at least two of Petitioner's Motions under 28 U.S.C. § 2244 for an order authorizing the District Court to consider a successive application for relief under Section 2255.

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied , 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. It appears, however, that the Fourth Circuit has not recognized an entitlement to proceed under section 2241 when an inmate challenges his

9

*sentence* contending that the remedy under Section 2255 is inadequate or ineffective. See United States v. Poole, 531 F.3d 263, 267 fn. 7 (4th Cir. 2008), ("Fourth Circuit precedent has likewise not extended the reach of the [Section 2255(e)] savings clause to those petitioners challenging only their sentences. See In re Jones, 226 F.3d 228, 333 - 34 (4th Cir. 2000)(outlining the circumstances in which '§ 2255 is inadequate or ineffective to test the legality of a *conviction*')(emphasis added).") "The remedy provided under Section 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under Section 2241." Boynes v. Berkebile, 2012 WL 1569563 at *6 (S.D.W.Va.)(District Judge Berger).

      Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. First, Petitioner does not allege an intervening change in law that establishes his actual innocence of the underlying *conviction*. Citing Descamps,[3] and Johnson,[4] Petitioner argues

---

[3] In *Descamps v. United States*, ___U.S. ___, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), the United States Supreme Court held that to determine whether a past conviction is a "violent felony" within the meaning of the ACCA, courts should use the categorical approach if the state statute is "indivisible." Case law, however, indicates that *Descamps* is not retroactive to cases on collateral review. *See United States v. Sanders*, 2013 WL 5707808 (N.D.Ohio Oct. 18, 2013); *Roscoe v. United States*, 2013 WL 5636686 (N.D.Ala. Oct. 16, 2013); *Reed v. United States*, 2013 WL 5567703 (M.D.Fla. Oct. 9, 2013); *Landry v. United States*, 2013 WL 5555122 (W.D.Tex. Oct. 4, 2013).

[4] In *Johnson*, the United States Supreme Court held that the "residual clause" of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague. *Johnson*, ___ U.S. at ___, 135 S.Ct. at 2555-63. The ACCA provides for enhanced penalties for those with three qualifying prior felony convictions for either serious drug offenses or violent felonies. The "residual clause" provided that a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another" was considered a violent felony. 18 U.S.C. § 924(e)(2)(B)(ii). On April 18, 2016, the United States Supreme Court determined that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States*, ___ U.S. ___, 136 S.Ct. 1257 (2016). The record, however, reveals that the Eleventh Circuit has denied Petitioner's requests for authorization to file a successive Section 2255 Motion based upon *Johnson*.

10

that his prior convictions for robbery and aggravated assault no longer qualify as violent felonies for the purposes of enhancing his sentence under the ACCA. The undersigned finds that Petitioner's challenge to the validity of his *sentence* based upon Descamps and Johnson does not meet the requirements of the saving clause. See Bennett v. United States, 2012 WL 5511643 (S.D.W.Va. Oct. 23, 2012); also see Farrow v. Revell, 2013 WL 5546155 (4th Cir. Oct. 9, 2013)(unpublished)(petitioner's challenge to his armed career criminal status is not cognizable in a Section 2241 petition because the savings clause only preserves claims in which petitioner alleges actual innocence of his *conviction*); Darden v. Stephens, 426 Fed.Appx. 173 (4th Cir. 2011)(finding that Petitioner could not challenge his *sentence* based upon *Chambers* under a Section 2241 Petition); McCode v. Ziegler, 2015 WL 362657 (S.D.W.Va. Jan. 27, 2015)(District Judge Berger)(petitioner's claim that changes in the law disqualified certain prior convictions that were used to enhance his sentence under the ACCA is not cognizable in a Section 2241 petition); Chambers v. United States, 2013 WL 171091, * 3 (W.D.N.C. Jan. 16, 2013)(finding that Petitioner's challenge to his sentence as being impermissibly enhanced based on a prior North Carolina state drug conviction does not come within the purview of § 2241 as outlined in *Jones*); Noggin v. Wilson, 2013 WL 5603226 (E.D.Va. Oct. 11, 2013)(finding that Petitioner could not challenge his *sentence* based upon *Miller* and *Simmons* under a Section 2241 Petition); Moon v. United States, 2012 WL 6212616, * 2 (D.S.C. Dec. 13, 2012)(Since petitioner challenges his armed career criminal sentencing enhancement based upon Simmons, he has not raised a claim that may be presented in a Section 2241 Petition). As stated above, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Therefore, Petitioner has failed to sustain his burden

of showing the inadequacy or ineffectiveness of a Section 2255 Motion and his Section 2241 Petition should be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's Application to Proceed Without Prepayment of Fees (Document No. 5.), **DISMISS** Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document Nos. 1, 8, 13, 16.) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d

352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: July 29, 2016.

Omar J. Aboulhosn
United States Magistrate Judge